## Pioneer Coal Co. v. Selvy.

Oct. 2, 1945.

Hiram H. Owens for appellant.

Golden & Lay for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

James Selvy received an injury while working in one of the appellant's mines. He was paid the maximum

compensation for a little less than a year. After he was discharged by his doctor he returned to the mine and worked two days. Later he secured employment as a street cleaner in the city of Corbin. He applied for compensation and the full board found:

"Under all the evidence here we seriously doubt that plaintiff is disabled to perform manual labor to the extent of 33 1/3. Yet we resolve all doubts in his favor and fix his disability at that per cent to perform manual labor." The award follows:

"Plaintiff is hereby awarded total disability to be paid for at $15.00 per week beginning seven days after September 18th, 1942, up to and including July 8th, 1943. Deducting that time from 335 weeks, plaintiff is awarded 33 1/3 of permanent partial disability, or $4.00 per week for the remainder of said time with 6% interest on all past due payments."

Selvy filed an appeal in the Bell Circuit Court and the judge thereof remanded the cause to the board, with directions to fix Selvy's compensation at $15.00 per week for a period of 227 2/3 weeks. The Company contends that the original ruling of the board was proper, and therefore asks that the judgment be reversed.

In commenting upon the law of the case the writer of the full board opinion referred to KRS 342.100. This section provides for temporary partial disability. As a matter of fact the board's finding and its award show that Selvy was found to have a 33 1/3 per cent permanent partial disability. Such disabilities are covered by KRS 342.110. The award directed by the judge of the Bell Circuit Court was in accordance with the provisions of KRS 342.100.

There is ample evidence in the record to support the finding of the board as to the extent of Selvy's disability. The medical testimony as to the extent of his disability ranged from three or four per cent to one hundred per cent, with intervening per cents of ten and fifty or sixty. The inadvertent reference to KRS 342.100 probably accounts for this litigation, but, as we have noted heretofore, the board's finding and its award were actually made in keeping with the provisions of KRS 342.110. That section directs that compensation for a permanent

partial disability, such as Selvy sustained, shall be calculated in the following manner:

" * * * The compensation paid therefor shall be 65 percent of the average weekly earnings of the employee but not less than $5 nor more than $12, multiplied by the percentage of disability caused by the injury, for such period as the board determines, not exceeding 335 weeks nor a maximum sum of $4,000. Whenever the weekly payments under this section would be less than $3 per week, the period may be shortened and the payments correspondingly increased to that amount. Where compensation, except as provided in KRS 342.020 and 342.030, is paid under any other provision of this chapter, the period during which such other compensation is paid and the amount thereof shall be deducted respectively from the maximum period and maximum amount which may be paid under this section."

Under the circumstances, the judgment must be and it is reversed, with directions that it be set aside and for the entry of a judgment in conformity with this opinion.